UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BLONDELL,     :

   Plaintiff      :   No. 3:CV-14-2189

            :

   v.        :   (Judge Nealon)

            :

ROBERT McMILLAN, et al.,   :

            :    **FILED**

   Defendants    :    **SCRANTON**

DEC 1 5 2014

**MEMORANDUM**

PER _____

DEPUTY CLERK

## BACKGROUND

Plaintiff, Michael Blondell, an inmate formerly confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Subsequent to the filing of his complaint, Blondell submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 7). Named as Defendants are five (5) employees of Plaintiff's former place of confinement, the Lackawanna County Prison.

On December 8, 2014, this Court's November 25, 2014 Administrative Order, directing the Warden to deduct funds from Plaintiff's prison account to satisfy the required filing fee, was returned as undeliverable. See (Doc. 10). A subsequent telephone inquiry to the Pike County Correctional Facility by this Court

revealed that Blondell was released on November 24, 2014.  For the reasons set forth below, Plaintiff's action will be dismissed for failure to prosecute.

**Discussion**

District courts have the inherent power to dismiss an action for failure to prosecute <u>sua sponte</u>.  <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991).  The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).  No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim."  <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221 (3d Cir. 2003).  However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited."  <u>Poulis</u>, 747 F.2d at 870.

A pro se plaintiff has the affirmative obligation to keep the court informed of his address.  See M.D. Pa. L.R. 83.18.  Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing.  If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Blondell's last communication with this Court was the filing of his motion to proceed in forma pauperis, on November 25, 2014.  See (Doc. 7).  Blondell has not communicated with the court since the filing of this motion.  The record clearly indicates that he has been released from the Pike County Correctional Facility.  Thus, it is reasonable to conclude that Blondell has abandoned this suit.  Consequently, because Plaintiff's dilatoriness outweighs any other Poulis factors, this action will be dismissed.

A separate Order will be issued.

Dated: December 15, 2014

_____
**United States District Judge**